**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAMESON ROSADO,** | |
| Plaintiff, | Civil Action No. 24-1256 (ZNQ) (RLS) |
| v. | **OPINION** |
| **JOSEPH DICKSON, *et. al.,*** | |
| Defendants. | |

**QURAISHI, District Judge**

      **THIS MATTER** comes before the Court upon an Order to Show Cause ("OTSC") that directed *Pro Se* Plaintiff Jameson Rosado ("Plaintiff" or "Rosado") to show cause as to why his Complaint should not be dismissed based on the doctrines of *res judicata*, collateral estoppel, entire controversy, and judicial immunity. (ECF No. 33.) Plaintiff responded to the OTSC on January 28, 2025. ("Plaintiff's Response," ECF No. 34.) The Court has carefully considered Plaintiff's submission and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.[1] For the reasons set forth below, the Court will **DISMISS** Plaintiff's Complaint based on the doctrines of *res judicata*, judicial immunity, and prosecutorial immunity. The dismissal will be with prejudice.

---

[1] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure unless otherwise noted.

## I.    BACKGROUND AND PROCEDURAL HISTORY

### A.    Background

On February 29, 2024, Plaintiff Jameson Rosado filed a Complaint (ECF No. 1), and it was accepted by the Court on August 2, 2024.[2]  The Complaint is not a model of clarity in at least two respects: the defendants it purports to name and the claims it purports at assert.

As to what defendants are named in the Complaint, the only one that is clearly identified in the Complaint is the Honorable Joseph A. Dickson, U.S.M.J. (ret.) ("Judge Dickson"), who is identified on the caption as part of a "JOSEPH DICKSON, ET AL." (Compl. at 1.)[3]  The remainder of the Complaint is a long narrative that names several federal and state court judges and members of federal, state and municipal law enforcement agencies. (*See generally id.*)  These are apparently intended by Plaintiff to be more than mere mentions in passing because the Complaint also states that Judge Dickson is "on[e] of several defendants in this matter." (*Id.* at 2)  Also, in his various subsequent submissions to the Court, Plaintiff has insisted at least twice that there are other parties to this suit beyond Judge Dickson. (*See* ECF No. 24 ("The Court is reminded that there are parties other than Joseph Dickson involved in this matter") and ECF No. 29 ("BOTH federal & State of NJ judges, as well as other parties involved . . . .")).

As best the Court can intuit based on the broadest reading of the Complaint, and for the purposes of this Opinion, the Court will consider the Complaint to name as defendants the following individuals:

---

[2] Plaintiff's Complaint was not accepted until August 2, 2024 when he paid the Court's filing fee after the Court denied a series of his requests to waive the filing fee and/or proceed *in forma pauperis*. *See* applications (ECF Nos. 1-2, 7, 13, and 15) and denials (ECF Nos. 5, 11, 14 and 16).
[3] Given that the Complaint does not include numbered paragraphs, the Court cites to its page numbers herein.

- U.S. District Court Judges Esther Salas and John M. Vazquez (ret.)
- U.S. Magistrate Judge Joseph A. Dickson (ret.)
- Mike Kelly, Carteret Police Officer
- Sgt. E. Stentella, Carteret Police Officer
- Jerry Sanseverino, U.S. Marshals Inspector
- William Feingold, New Jersey Superior Court Judge
- Allen Comba, Carteret Municipal Court Judge
- Colleen Flynn, New Jersey Superior Court Judge
- Kaitlyn Maltese, Assistant Middlesex County Prosecutor
- Stephen Tardiff, Carteret Clerk
- United States Marshals Service
- William Higgins, Carteret Police Officer

As to the claims Plaintiff is now asserting, the Complaint is likewise less than clear. Plaintiff is a former Federal Bureau of Investigation ("FBI") employee who, in a previous suit, challenged his termination from the FBI. That suit concluded with summary judgment against Plaintiff, which was later affirmed by the Third Circuit. *See Rosado v. Att'y Gen.*, 838 F. App'x 719 (3d Cir. 2021). The Honorable Esther Salas, U.S.D.J. ("Judge Salas"), and Judge Dickson presided over that case.

The present Complaint before this Court asserts that Judge Dickson dispatched the United States Marshals Service "unlawfully to [Plaintiff's] home." (Compl. at 2 .) At some later point, the FBI along with the Carteret Police Department also seized Plaintiff's firearms and banned Plaintiff from purchasing new ones.[4] (*Id.* at 13–14.) In response, Plaintiff filed a civil suit against Judge Dickson and various agents/officers: *Rosado v. Dickson, et. al.*, Civ. No. 22-1274. (Compl. at 1.) The Honorable John M. Vazquez, U.S.D.J., (ret.) ("Judge Vazquez"), presided over that

---

[4] The Court takes judicial notice of the fact that the Complaint neglects to mention that, as observed by the Third Circuit, the visit to Plaintiff's home by the U.S. Marshals Service and the subsequent seizure of his firearms was in response to at least one threatening voicemail left for Judge Dickson. *See Rosado v. Dickson*, App. No. 22-3218, 2023 WL 6830156, at *1 (3d Cir. Oct. 17, 2023)

case. According to Plaintiff, Judge Vazquez mishandled that case and improperly dismissed it.[5] (*See generally id.*) The present Complaint also asserts that Judge Dickson and Judge Salas improperly denied Plaintiff's request for *pro bono* counsel on numerous occasions. (*Id.* at 12.)

In terms of relief, at best the Court can discern, Plaintiff requests (1) a passport to be paid for by Defendants, (2) return of his two firearms, (3) future health insurance copays to be paid by Defendants, (4) the Court to invalidate the "two NJ Court judgments, which were not conducted in accordance with fair due process," (5) restitution, and (6) "reinstatement." (*Id.* 16–19.)

**B.    Procedural History**

After the Complaint was filed on February 29, 2024 in this action, Defendant filed a motion to appoint counsel (ECF No. 4) and requested the Court to waive the filing fee of the Complaint. (ECF No. 4.) The undersigned denied Plaintiff's request to waive the Court's filing fee and instructed Plaintiff to file an application to proceed *in forma pauperis*. (ECF No. 5.) Thereafter, Plaintiff filed a formal application to proceed *in forma pauperis*, which was denied without prejudice. (ECF No. 11.) Simultaneously, the Honorable Rukhsanah L. Singh, U.S.M.J. ("Judge Singh"), denied Plaintiff's motion to appoint counsel. (ECF No. 12.) Plaintiff then filed another application to proceed *in forma pauperis*, (ECF No. 15), which the Court again denied on the basis that Plaintiff's household income and assets exceeded those suitable for waiving the Court's filing fee. (ECF No. 16.) The case was then administratively terminated pending Plaintiff's payment of a filing fee.

In August 2024, Plaintiff paid the filing fee and his case was re-opened. (ECF Nos. 17–18.) Plaintiff immediately filed a motion to transfer the case from the Trenton Vicinage to the

---

[5] The Court takes judicial notice of the fact that Judge Vazquez dismissed with prejudice the claims in that civil suit largely on the bases of judicial immunity, *res judicata*, and repeated inadequate pleading. *See Rosado v. Dickson*, Civ. No. 22-1274, ECF No. 14 (D.N.J. Oct. 28, 2022). The Third Circuit affirmed. *See Rosado*, 2023 WL 6830156, at *1.

Newark Vicinage of the United States District Court for the District of New Jersey. (ECF No. 19.)

The Honorable Renee M. Bumb, U.S.D.J. ("Chief Judge Bumb"), denied that motion. (ECF No.

20.) In October 2024, Plaintiff again asked for the Court to appoint him counsel. (ECF Nos. 21–

24.) In response, the undersigned issued an order stating in relevant part that

> a court may request that an attorney represent an indigent party
> provided that the party has been granted leave to proceed *in forma
> pauperis*, and further provided that an analysis of the factors
> governing the appointment of counsel warrant the appointment of
> *pro bono* counsel. *See* 28 U.S.C. § 1915(e)(1) (where a litigant is
> proceeding *in forma pauperis*, "[t]he court may request an attorney
> to represent any person unable to afford counsel"); *see also* Local
> Civil Rules, Appendix H; *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir.
> 1993) *cert. denied* 510 U.S. 1196 (1994). Given that Plaintiff has
> since been denied leave to proceed *in forma pauperis* in this matter,
> he does not qualify for *pro bono* counsel.

(ECF No. 25.) Undeterred, Plaintiff again filed a motion to appoint counsel on January 15, 2025.

(ECF No. 31.) Judge Singh again denied that motion. (ECF No. 32.) Thereafter, the Court issued

the instant OTSC on January 24, 2025. (ECF No. 33.)

## II.    LEGAL STANDARD/APPLICABLE LAW

### A.    *Pro Se* Complaint

Plaintiff in this matter is proceeding *pro se*. "The obligation to liberally construe a *pro se*

litigant's pleadings is well-established." *Higgs v. Atty. Gen. of the U.S.,* 655 F.3d 333, 339 (3d

Cir. 2011) (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519,

520–21 (1972). "Courts are to construe complaints so 'as to do substantial justice,' keeping in

mind that *pro se* complaints in particular should be construed liberally." *Alston v. Parker*, 363

F.3d 229, 234 (3d Cir. 2004) (citation omitted). "Liberal construction does not, however, require

the Court to credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*,

984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902,

906 (3d Cir. 1997)). "[T]here are limits to [the courts'] . . . flexibility. . . . [P]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "Even a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Grohs*, 984 F. Supp. 2d at 282 (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

### B.    *Res Judicata* and Collateral Estoppel[6]

As briefly addressed, this case implicates the doctrine of *res judicata*. *Res judicata* or claim preclusion is appropriate when there is "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Hoffman v. Nordic Naturals*, 837 F.3d 272, 279 (3d Cir. 2016) (quoting *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)). The third factor "generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims." *Id.* Under federal law, "[t]he . . . judicial proceedings of any court of any . . . State . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State. . . ." 28 U.S.C. § 1738; *see Allen v. McCurry*, 449 U.S. 90, 96 n.8 (1980). Thus, 28 U.S.C. § 1738 requires federal courts to give *res judicata* effect to a state judgment to the extent the state would give its own prior judgment such effect. *Davis v. U.S. Steel Supply, Div. of U.S. Steel Corp.*, 688 F.2d 166, 170 (3d Cir. 1982).

---

[6] Although the OTSC directed Plaintiff to show cause as to why his complaint should not be dismissed in part based on collateral estoppel, the Court need not reach a decision based on collateral estoppel due to the application of *res judicata* and judicial and prosecutorial immunity.

## C.    Judicial and Prosecutorial Immunity

Additionally, this case raises concerns of judicial and prosecutorial immunity. Judicial immunity "is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages." *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000); *Stump v. Sparkman*, 435 U.S. 349, 365–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority. . ."); *Gromek v. Maenza*, 614 F. App'x 42, 45 (3d Cir. 2015) (explaining that judicial immunity is not forfeited solely by allegation of malice or corruption of motive) (citing *Gallas v. Supreme Ct. of Pennsylvania*, 211 F.3d 760, 768 (3d Cir. 2000)).

This immunity, however, is not absolute. Instead, it is "justified and defined by the functions it protects and serves." *Forrester v. White*, 484 U.S. 219, 227 (1988). Immunity does not extend to actions not within the judge's official capacity, nor does it extend to actions taken in the absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). To determine whether an act is "judicial," courts look to whether the act performed by the judge "is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Gallas*, 211 F.3d at 768–69 (quoting *Stump*, 435 U.S. at 362).

Prosecutors have their own immunity. Under the doctrine of prosecutorial immunity, "prosecutors have absolute immunity from civil liability for their conduct in their role as prosecutors." *Newsome v. City of Newark*, Civ. No. 13-6234, 2014 WL 4798783, at *2 (D.N.J. Sept. 25, 2014). The Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409 (1976), held that "a state prosecuting attorney who act[s] within the scope of his [or her] duties in initiating and pursuing a criminal prosecution" is not amenable to suit. *Id.* at 410; *see also Pierre v. Treasury*

*Dep't*, Civ. No. 18-3443, 2018 WL 5801549, at *7–8 (D.N.J. Nov. 5, 2018). This immunity

applies to any action "intimately associated with the judicial phase of the criminal process" while

a state prosecuting attorney is advocating for the State. *Imbler*, 424 U.S. at 430–31; *see also Moore*

*v. Middlesex Cnty. Prosecutor's Office*, 503 F. App'x 108, 109 (3d Cir. 2012) ("Although a

prosecutor's deliberate destruction of exculpatory evidence is not entitled to absolute immunity,

the decision to withhold such evidence from the defense while functioning as an advocate for the

State is protected by absolute immunity.").

## III.    DISCUSSION

In what seems to be a summary of Plaintiff's prior proceedings as well as disagreements

with those state and federal court judgments, as best the Court can discern, Plaintiff responds to

the OTSC by renewing arguments regarding the merits of his claims and asserting that he is in

urgent need of relief. (Plaintiff's Response at 1–2.) Plaintiff argues that the United States District

Court for the District of New Jersey maintains prejudicial documents and improperly allowed the

Carteret Police Department and FBI to seize his firearms. (*Id.* at 3–4.) Plaintiff also takes issue

with the Court's repeated denial to appoint *pro bono* counsel. (*Id.* at 5.) Moreover, Plaintiff argues

that the Honorable Colleen M Flynn, J.S.C. ("Judge Flynn"), committed errors in the New Jersey

state court proceedings, and that new evidence has come to light that would alter those judgments.

(*Id.* at 6–7.) Plaintiff also reminds the Court that "withholding . . . exculpatory evidence is a

crime," (*id.* at 7), and argues that the Court twice improperly denied his applications to proceed *in*

*forma pauperis*. (*Id.* at 10.) Plaintiff adds that "Carteret, who is a defendant in the present matter

refused . . . the OPRA request," and stated that the prior courts have not shown that there was

probable cause to arrest Plaintiff. (*Id.* at 13.) Plaintiff concludes his response to the OTSC by

noting that the Court "has taken advantage of [and] fully exploited BOTH [Plaintiff's] role as a

*pro se* litigant AND [his] inability to secure counsel, in BOTH federal [and] state forums." (*Id.* at 16.)

As an initial matter, the Court notes that it is sensitive to Plaintiff's requests and numerous attempts to receive *pro bono* counsel. That is why the Court (1) liberally construes Plaintiff's Complaint, (2) has given Plaintiff an attempt to show cause as to why the Court should not dismiss his case, and (3) carefully explained its reasoning for denying Plaintiff's request for *pro bono* counsel. (*See* ECF No. 12.) The Court has already decided Plaintiff's requests for counsel and will not do so again in this Opinion.

As a second matter, the Court will not entertain arguments made by Plaintiff that require the Court to revisit the state court proceedings. As stated, under federal law, "[t]he . . . judicial proceedings of any court of any . . . State . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State. . . ." 28 U.S.C. § 1738; *see Allen*, 449 U.S. at 96 n.8. Thus, the Court must give *res judicata* effect to the state judgments irrespective of whether the state judges are entitled to judicial immunity for their official judicial decisions. *See Davis*, 688 F.2d at 170.

Additionally, for reasons already addressed in Judge Vazquez's August 1, 2022 Opinion, the New Jersey state and federal judges implicated in Plaintiff's Complaint are entitled to judicial immunity. *See Rosado v. Dickson*, Civ. No. 22-1274, 2022 WL 3029327, at *3 (D.N.J. Aug. 1, 2022). It is apparent to the Court that Plaintiff is challenging decisions made by those judges in the prior state and federal court proceedings. There is nothing in the record to show that the prior state and federal judges did not perform their official duties or were acting in the absence of jurisdiction. Instead, the record indicates that the state and federal judges acted diligently in resolving Plaintiff's disputes, addressing Plaintiff's arguments each time.

In addition to the fact that these state and federal judges are entitled to judicial immunity, Judge Vazquez already addressed these arguments and they are therefore barred by the doctrine of *res judicata* given that there was a final judgment in a prior suit involving the same parties. *See Rosado*, 2022 WL 3029327, at *3. The Third Circuit also affirmed the dismissal of the judges from the prior suits. *See Rosado v. Dickson*, App. No. 22-3218, 2023 WL 6830156, at *2 (3d Cir. Oct. 17, 2023) ("Moreover, judicial immunity bars Rosado's claims for damages based on alleged conduct and mistakes made by the judges who were involved in his prior civil action."). Accordingly, the Court will dismiss New Jersey State Judges Feingold and Flynn, Municipal Court Judge Allen Comba, United States District Judges Esther Salas and John M. Vazquez, and United States Magistrate Judge Joseph A. Dickson with prejudice on the grounds that they have judicial immunity and any claims against them are barred by *res judicata*.

Plaintiff also brings claims against Kaitlyn Maltese ("Maltese"), an Assistant Middlesex County Prosecutor. Maltese is entitled to prosecutorial immunity. There is nothing in the record to indicate that Maltese acted outside the scope of her official duties as a prosecutor. Instead, the record informs the Court that Maltese was acting as an advocate for the State and her actions were "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430–31. Moreover, Judge Vazquez already addressed Maltese's liability exposure in a prior decision. *Rosado*, 2022 WL 3029327, at *3 ("Plaintiff's claims against the County Prosecutor Defendant implicate the doctrine of prosecutorial immunity. . . . Accordingly, Maltese is immune from Plaintiff's Section 1983 claims."). As a result, just like with respect to the state and federal judges, there is a final judgment on the merits involving the same parties, and *res judicata* applies. Accordingly, Maltese will be dismissed with prejudice.

That leaves Carteret Police Officers, a United States Marshals Service inspector, and the United States Marshals Service itself left in this action. Those Defendants will also be dismissed with prejudice because claims against them are barred by the doctrine of *res judicata*. Plaintiff alleges that Mike Kelly, Sergeant Stentella, and William Higgins from the Carteret Police Department, Stephen Tardiff, a Carteret Clerk, Jerry Sanseverino, a United States Marshals inspector, and the entire United States Marsals Service unconstitutionally seized his firearms. (*See* Compl. at 3.) The Court has already addressed Plaintiff's claims against these Defendants in *Rosado v. Dickson*, Civ. No. 22-1274, 2022 WL 1443674, at *1 (D.N.J. May 5, 2022). There, the Court discussed Second and Fourth Amendment doctrine and found that Plaintiff's claims against those Defendants were conclusory. *Id.* at *3. The Third Circuit also affirmed the District Court's dismissal of the Second and Fourth Amendment claims. *See Rosado v. Dickson*, 2023 WL 6830156, at *2 ("The District Court also properly rejected Rosado's Second and Fourth Amendment claims."). As such, there was a prior decision on the merits involving the same parties, and Plaintiff's instant claims are barred by *res judicata*. Accordingly, Mike Kelly, Sergeant Stentella, Stephen Tardiff, William Higgins, Jerry Sanseverino, and the entire United States Marsals Service will be dismissed with prejudice.

As a final matter, as noted, these dismissals will be with prejudice. The Third Circuit has cautioned that a district court may deny leave to amend only if (1) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party, or (2) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Here, time and time again Plaintiff has been unable to cure the deficiencies of his Complaint. *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983) (noting that the court may refuse to allow an amendment that fails to state a cause of action). Moreover, given that the Court relies on the

doctrine of *res judicata*, and judicial and prosecutorial immunity, the Court finds that further amendment will be futile. *See Olsen v. Citi Bank Legal Dep't*, Civ. No. 15-2190, 2015 WL 7258861, at *3 (D.N.J. Nov. 17, 2015) (dismissing *pro se* complaint with prejudice where amendment was futile); *Pue v. N.J. Dep't of Labor*, Civ. No. 23-855, 2024 WL 1975387, at *3–4, 6 (D.N.J. May 3, 2024) (dismissing matter with prejudice on the basis that *pro se* plaintiff's second amended complaint still failed to allege facts that would change the court's prior ruling that defendants were entitled to immunity under the Eleventh Amendment, and further finding that any additional amendments would be futile); *Banks v. FBI*, Civ. No. 19-9367, 2020 WL 4261198, at *1–2 (D.N.J. July 23, 2020) (dismissing a *pro se* plaintiff's third amended complaint with prejudice on sovereign immunity grounds).

## IV.  **CONCLUSION**

For the reasons stated above, the Court will **DISMISS** Plaintiff's Complaint with prejudice. An appropriate Order will follow.

Date: February 10, 2025

ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE